**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT L. HUGGETT, | No. 09-35410 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01746-MA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted March 1, 2010[**]
Portland, Oregon

Before: PAEZ, TALLMAN, and M. SMITH, Circuit Judges.

The parties are familiar with the facts of the case and we do not repeat them

here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, substantial evidence supports the ALJ's credibility determination. The ALJ provided clear and convincing reasons for finding Huggett not entirely credible because "the claimant engages in daily activities inconsistent with the alleged symptoms" and "the claimant takes medication or undergoes other treatment for the symptoms." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).

Second, the ALJ properly rejected lay witness testimony by providing "reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Third, the ALJ properly determined Huggett's residual functional capacity by taking "into account those limitations for which there was record support that did not depend on [the claimant's] subjective complaints," which lacked credibility. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Finally, "[t]he hypothetical that the ALJ posed to the [Vocational Expert ("VE")] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper." *Id.* at 1217–18 (citing *Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989)).

**AFFIRMED.**